In the Matter of a Petition for Authority to File a Certificate for Revival of WESSELL, NICKEL & GROSS, a Domestic Corporation.

Supreme Court, Special Term, New York County, April 17, 1941.

*Waldemar F. Timme,* for the petitioner.

*Charles S. M. First,* for the objectant.

WALTER, J.   Petitioner says that he is a director and stockholder of a corporation the term of duration of which expired on October 2, 1940, and he prays for an order " directing the revival of the existence of said corporation pursuant to section 46 of the General Corporation Law."   The application is opposed by one who says he is the vice-president and a director and owns 300 out of 600 shares of its common stock and 1,260 out of 2,530 shares of its preferred stock.   The practical difference between these two interests appears to be that, while they concede that the business for which the corporation was organized no longer is desired to be carried on, one desires to continue substantially as a real estate corporation and the other desires to liquidate the real estate holdings.   With that, however, I think the court has no concern.

Section 45 of the General Corporation Law provides that any domestic corporation, at any time before the expiration thereof, may extend the term of its existence by filing a certificate of extension, which, in the case of a stock corporation, must be authorized by the holders of record of two-thirds of the outstanding shares of the corporation entitled to vote thereon.   Section 46 then provides

that if the term of duration shall have expired and the corporation has " issued bonds payable at a date subsequent to the expiration of such term," the court " may authorize the filing of a certificate reviving the existence of the corporation." Reading the two sections together, I think it plain that in no event does the court " direct " a revival, as petitioner seems to assume It merely authorizes the stockholders to do, after the expiration of the term of duration, what they could do without its authority before such expiration. Whether or not the certificate shall be filed after the court has authorized it thus rests with the stockholders and is to be determined by their vote, and unless the holders of two-thirds of the voting stock vote in favor of such filing there still can be no revival.

It is necessary, however, to determine whether or not jurisdiction to authorize the filing exists. It is argued that the statutory requirement that it shall appear that the corporation has " issued bonds " means a series of bonds secured by a trust indenture, as distinguished from one bond secured by one mortgage, and that jurisdiction thus does not exist in this case because it does not appear that this corporation has issued such a series of bonds. I think that construction is too narrow I can perceive no reason why the Legislature should make that distinction. As the court's authority is merely permissive (the final decision resting with the stockholders as above stated), it would tend to defeat the manifest policy of the statute to hold that such permissive authority cannot be granted except in the single instance of corporations which have issued a series of bonds secured by a trust indenture.

The motion is accordingly granted to the extent that authority is given to file such a certificate as is authorized by section 45. Settle order on notice.